UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-02008-FWS-E                    Date: December 27, 2022
Title: Kimberly Long v. Thomas Weeks *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

  Melissa H. Kunig                                        N/A
   Deputy Clerk                                      Court Reporter

Attorneys Present for Plaintiff:                Attorneys Present for Defendants:

     Not Present                                       Not Present

**PROCEEDINGS: ORDER GRANTING IN PART AND DENYING IN PART
           DEFENDANTS' MOTIONS TO DISMISS [69][70][71][72]**

    Before the court are multiple Motions to Dismiss the First Amended Complaint of Plaintiff Kimberly Long ("Plaintiff") filed by Defendants City of Corona, Jeffrey Glenn, Ronald Anderson, Daniel Bloomfield, Thomas Weeks, Robert Newman and Daniel Verdugo.  (Dkts. 69, 70, 71, 72.)[1]  On June 22, 2022, Defendants filed a joint Request for Judicial Notice ("RJN") (Dkt. 73) and a joinder stating that Defendants join in each other's Motions (Dkt. 74.) On August 4, 2022, Plaintiff opposed each of the Motions.  (Dkts. 82, 83, 84, 85.)  On the same day, Plaintiff opposed the Request for Judicial Notice ("Opp. to RJN").  (Dkt. 86.)  On August 18, 2022, Defendants filed Replies in support of the Motions.  (Dkts. 87, 88, 89, 90.)  On the same day, Defendants filed a Reply in support of the RJN ("RJN Reply") (Dkt. 91) and a joinder stating that Defendants join in each other's Replies (Dkt. 92).

    Having found these matters appropriate for resolution without oral argument, the court previously took them under submission.  (Dkt. 93.)  *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral

---

[1] Because there are four Motions, four Oppositions, and four Replies, for the sake of clarity, the court refers to each filing by its docket number in the discussion below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-02008-FWS-E            Date: December 27, 2022
Title: Kimberly Long v. Thomas Weeks *et al.*

hearings."); L. R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").  Based on the state of the record, as applied to the applicable law, the Motions are **GRANTED IN PART AND DENIED IN PART.**

## I.  Procedural Background

Plaintiff filed the Complaint on November 30, 2021.  (Dkt. 1.)  On April 18, 2022, the court dismissed three claims with prejudice and the remaining claims with leave to amend. (Dkt. 57.)  The claims dismissed with prejudice were Plaintiff's state law claims for malicious prosecution, respondeat superior, and indemnification.  (*Id.* at 19.)[2]  On May 18, 2022, Plaintiff filed the First Amended Complaint asserting five claims under 42 U.S.C. § 1983 for violation of due process, illegal detention and prosecution, failure to intervene, conspiracy to deprive constitutional rights, and an unconstitutional policy and practice by Defendant City of Corona, as well as state law claims for malicious prosecution, intentional infliction of emotional distress, civil conspiracy, and violations of Cal. Gov. Code § 815.2, Cal. Civ. Code § 52.1, and Cal. Gov. Code § 825.  (Dkt. 61 ("FAC").)  The claims in the FAC are asserted as to all Defendants, except for the policy and practice claim, which is only asserted against Defendant City of Corona.  (*Id.*)

## II.  Summary of Allegations in the Complaint

Plaintiff was convicted and sentenced to 15 years to life in prison for the 2003 murder of Oswaldo Conde.  (FAC ¶ 4.)  Plaintiff alleges her wrongful conviction was caused by the

---

[2] Because these claims were previously dismissed with prejudice by the court, the court **GRANTS** Defendants' Motions as to Plaintiff's state law claims for malicious prosecution, respondeat superior, and indemnification (Counts VI, IX, and XI of the FAC).  The court is not persuaded by Plaintiff's argument that she has reasserted these claims "solely to preserve them," (Dkt. 85 at 24), and reiterates that these claims were dismissed with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-02008-FWS-E                          Date: December 27, 2022
Title: Kimberly Long v. Thomas Weeks *et al.*

misconduct of Defendants who suppressed and fabricated evidence to secure Plaintiff's
prosecution and conviction and acted pursuant to the City of Corona Police Department's
unconstitutional policies and practices.  (*Id*. ¶¶ 5-7.)

    Plaintiff alleges the Defendants had various roles in the homicide investigation.
Defendant Weeks was a detective sergeant and the supervisor in charge of the homicide unit at
the Corona Police Department.  (*Id*. ¶¶ 13-14.)  Defendant Anderson was the senior detective
assigned to the case.  (*Id*. ¶ 15.)  Defendants Bloomfield and Newman were detectives assigned
to the case working under the supervision of Defendants Weeks and Anderson.  (*Id*. ¶¶ 16-18).
Defendant Glenn was the patrol officer dispatched to the scene.  (*Id*. ¶ 19.)  Defendant Verdugo
was the evidence technician who responded to the scene.  (*Id*. ¶ 20.)  Defendant City of Corona
is and/or was the employer of each of the Defendants.  (*Id*. ¶ 21.)

    Oswaldo Conde was murdered sometime between the night of October 5, 2003, and the
early morning hours of October 6, 2003.  (*Id*. ¶ 22.)  Conde was Plaintiff's live-in boyfriend.
(*Id*. ¶ 23.)  Plaintiff alleges she was out at the time of the murder and came home to find Conde
with severe injuries to his head.  (*Id*. ¶ 24.)  Police officers, including the individual Defendants,
responded to the call and found blood splattered on the living room walls in a 360-degree
radius.  (*Id*. ¶¶ 25-26.)  Officers found no one else at the house, no attempt to clean up, no blood
anywhere other than the living room, and nothing to suggest the sinks or showers had been
used.  (*Id*. ¶¶ 27-28.)  Plaintiff was brought to the police station for an interview, where she
consented to a search of the house, consented to collection of her clothes for evidence, and
identified a potential suspect.  (*Id*. ¶¶ 30-33.)  Officers interviewed Conde's relatives, who
identified two potential suspects—Conde's ex-girlfriend ("Lovejoy") and Long's ex-husband
("Bugarski")—but did not identify Plaintiff as a suspect.  (*Id*. ¶¶ 34-39.)

    Plaintiff alleges Defendants framed her for the murder and suppressed evidence about
Lovejoy and Bugarski, which deprived Plaintiff of the opportunity to cast doubt on their
credibility at trial.  (*Id*. ¶¶ 40-41.)  These suppressed documents include two police reports by

3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-02008-FWS-E                    Date: December 27, 2022
Title: Kimberly Long v. Thomas Weeks *et al.*

Defendant Anderson stating he thought that Bugarski was lying and could be involved in the
murder and police reports documenting that Lovejoy had previously lied to police officers. (*Id.*
¶¶ 42-45.) Defendants also suppressed evidence such as interviews showing that officers
doubted Lovejoy and Bugarski's alibis. (*Id.* ¶¶ 46-50.) Defendants suppressed exculpatory
physical evidence in the form of Plaintiff's blood-free jacket, which supported Plaintiff's
account that she found Conde dead. (*Id.* ¶¶ 51-55.) Defendants also allegedly manipulated,
coerced, and fed information to witnesses such as Oscar Castaneda, Jeff Dills, and a
neighborhood eyewitness. (*Id.* ¶¶ 56-68.) Plaintiff also asserts that Defendants destroyed
physical evidence, namely a champagne bottle and cup found at the scene, while declining to
collect other key evidence. (*Id.* ¶¶ 69-76.)

Plaintiff's first jury trial ended in a mistrial, and Plaintiff's second jury trial resulted in a
murder conviction. (*Id.* ¶¶ 77-79.) Plaintiff was sentenced to 15 years to life in prison based on
Defendants' allegedly fabricated and suppressed evidence, and destruction of exculpatory
evidence. (*Id.* ¶¶ 80-90.) The California Supreme Court vacated Plaintiff's conviction in
November 2020, and the charges were dismissed in April 2021. (*Id.* ¶¶ 91-93.)

### III.    Legal Standard

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a
claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to
dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to
relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed
factual allegations," a plaintiff must provide "more than labels and conclusions" and "a
formulaic recitation of the elements of a cause of action" such that the factual allegations "raise
a right to relief above the speculative level." *Id.* at 555 (citations and internal quotation marks
omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (reiterating that "recitals of the
elements of a cause of action, supported by mere conclusory statements, do not suffice").

4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-02008-FWS-E                     Date: December 27, 2022
Title: Kimberly Long v. Thomas Weeks *et al.*

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 544, 556 (2007)). On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing Starr, 652 F.3d at 1216). But, on the other, "'[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" *Eclectic Props. E., LLC*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678). Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 at 556); *accord Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

In *Sprewell v. Golden State Warriors*, the Ninth Circuit described legal standards for motions to dismiss made pursuant to Rule 12(b)(6):

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-02008-FWS-E                    Date: December 27, 2022
Title: Kimberly Long v. Thomas Weeks *et al.*

Review is limited to the contents of the complaint. *See Enesco Corp. v. Price/Costco, Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *See id*. The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. *See Mullis v. United States Bankr. Ct.,* 828 F.2d 1385, 1388 (9th Cir. 1987). Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

266 F.3d 979, 988 (9th Cir. 2001).

## IV.   Request for Judicial Notice

The court first addresses Defendants' Request for Judicial Notice. (*See* Dkt. 73.) Defendants request that the court take judicial notice of seven categories of documents:

1. Records of proceedings in the criminal case against Plaintiff in California state court;
2. Reporter's Transcript of Plaintiff's second trial;
3. California Court of Appeals opinion on direct review in *People v. Long*, Case No. E039986 (Nov. 21, 2008);
4. Reporter's Transcript of the state court proceedings relating to the 2016 evidentiary hearing which resulted in Plaintiff's conviction being vacated and Plaintiff being released from custody;
5. District Attorney's April 22, 2021, News Release regarding dismissal of charges;
6. Reporter's Transcript of Plaintiff's April 9, 2004, preliminary hearing;
7. Examples of Plaintiff's filings in the California Supreme Court and the Ninth Circuit; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-02008-FWS-E                          Date: December 27, 2022
Title: Kimberly Long v. Thomas Weeks *et al.*

      8. Plaintiff's California Government Code claim filed with the City of Corona on
         May 21, 2021.

(*See* RJN.)

      Plaintiff opposes the RJN on the grounds that Defendants are asking the court to take
judicial notice of disputed facts in transcripts and judicial opinions from Plaintiff's prior
criminal prosecution.  (*See* Dkts. 86; 82 at 10-15.)

      The court may take judicial notice of facts that are either "generally known within the
trial court's territorial jurisdiction" or "can be accurately and readily determined from sources
whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Courts cannot take
judicial notice of facts subject to reasonable dispute.  *Lee v. City of Los Angeles*, 250 F.3d 668,
689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d
1119 (9th Cir. 2002); *see also Twombly*, 550 U.S. at 555 n.11 ("Under Federal Rule of
Evidence 201(b), a judicially noticed fact must be one not subject to reasonable dispute in that it
is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of
accurate and ready determination by resort to sources whose accuracy cannot reasonably be
questioned.") (internal quotation marks omitted).

      In this case, the court finds that all of the exhibits, apart from the District Attorney's
April 22, 2021, News Release, are records from other judicial proceedings.  The Ninth Circuit
"has recognized public records, including judgments and other court documents, as proper
subjects of judicial notice."  *Guzetta v. Ford Motor Co*., 2022 WL 1044173, at *2 (C.D. Cal.
Apr. 5, 2022) (citing *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007)).  However,
when the court takes notice of judicial records, it may only consider "the existence of the
opinion, which is not subject to reasonable dispute over its authenticity" rather than "the truth of
the facts cited therein."  *Lee*, 250 F.3d at 690 (citation omitted).  As for the April 22, 2021,
News Release, the court finds that Defendants do not sufficiently articulate a purpose for which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-02008-FWS-E                           Date: December 27, 2022
Title: Kimberly Long v. Thomas Weeks *et al.*

judicial notice of the facts contained within this document is appropriate.  (*See generally* Dkts.
73, 91.)

Accordingly, the court **GRANTS**: (1) Defendants' Request for Judicial Notice as to all
exhibits other than the District Attorney's April 22, 2021, News Release; (2) reiterates that the
court will only consider the existence of the judicial records, not the truth of the facts asserted
therein; (3) and **DENIES** the Request as to the April 22, 2021, News Release.

**V.    Discussion**

Although Defendants have filed separate Motions, given that Defendants have joined in
each other's Motions (*see* Dkt. 74), the court addresses Defendants' arguments together.  The
court also addresses Plaintiffs' arguments in the various Oppositions together.

Defendants challenge Plaintiff's claims on several grounds, arguing that: (1) all claims
based on Plaintiff's arrest are time-barred[3]; (2) Plaintiff has not identified the specific witnesses
that were allegedly manipulated; (3) Counts 1 through 4 (due process, illegal detention and
prosecution, failure to intervene, and civil rights conspiracy) fail because qualified immunity
shields Defendants from liability; (4) Counts 6, 9, and 11 (malicious prosecution, respondeat
superior, and indemnification) were previously dismissed with prejudice; (5) Counts 7, 8, and
10 (intentional infliction of emotional distress, civil conspiracy, and violation of the Bane Act)
are barred because they were not timely presented to Defendant City of Corona, barred under

---

[3] Plaintiff argues the FAC does not assert any false arrest claims and there are no claims subject
to dismissal on timeliness grounds.  (*See, e.g*., Dkt. 85 at 3.)  After reviewing the claims in the
FAC, the court agrees Plaintiff asserts no arrest-based claims subject to dismissal.  (*See
generally* FAC.)  Accordingly, the court does further not discuss Defendants' arguments
regarding arrest-based claims.  To the extent that Plaintiff believes she was detained illegally
before her trial (*see* Dkt. 85 at 5-6), the court observes that the FAC does not clearly allege facts
regarding illegal detention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-02008-FWS-E                    Date: December 27, 2022
Title: Kimberly Long v. Thomas Weeks *et al.*

Cal. Gov. Code § 821.6, and are inadequately pled; and (6) Count 5 (liability based on policy
and practice) fails because it is inadequately pled.  (*See* Dkts. 69-72.)

### a.  Qualified Immunity Regarding Plaintiff's Section 1983 Claims (Counts 1 through 4)

The Individual Defendants challenge Counts 1 through 4 on the grounds of qualified
immunity and that the FAC fails to comply with Federal Rule of Civil Procedure 8.  (*See, e.g.,*
Dkt. 72-1 at 2.)  Based on the allegations recounted above, the court finds Defendants have
insufficiently demonstrated that the allegations of the FAC do not provide Defendants with fair
notice of the claims brought against them pursuant to the pleading requirements of Rule 8.  The
court turns to Defendants' arguments regarding qualified immunity.

### i.  Legal Standard

"The doctrine of qualified immunity protects government officials 'from liability for civil
damages insofar as their conduct does not violate clearly established statutory or constitutional
rights of which a reasonable person would have known.'"  *Pearson v. Callahan*, 555 U.S. 223,
231 (2009).  Qualified immunity is an entitlement not to go to trial, not merely a defense from
liability.  *Saucier v. Katz*, 533 U.S. 194, 200 (2001).  It should be decided early in the
proceedings.  *Id.*  Analysis of the qualified immunity defense is a two-prong inquiry.  *Id.*  Under
the first prong, a court must consider "whether a constitutional right would have been violated
on the facts alleged."  *Id.*  Under the second prong, a court must also consider whether that right
was "clearly established."  *Id.*  "Clearly established" means the "contours of the right must be
sufficiently clear that a reasonable official would understand that what he is doing violates that
right."  *Id.* at 201 (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "The relevant,
dispositive inquiry in determining whether a right is clearly established is whether it would be
clear to a reasonable officer that his conduct was unlawful in the situation he confronted."
*Saucier*, 533 U.S. at 201. "While we do not require a case on all fours, 'existing precedent must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-02008-FWS-E                          Date: December 27, 2022
Title: Kimberly Long v. Thomas Weeks *et al.*

have placed the statutory or constitutional question beyond debate.'" *Rico v. Ducart*, 980 F.3d
1292, 1298 (9th Cir. 2020) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

A plaintiff "bears the initial burden of proving that the rights allegedly violated. . . were
clearly established at the time of the alleged misconduct." *Houghton v. South*, 965 F.2d 1532,
1534 (9th Cir. 1992). If the plaintiff meets his burden, then the burden shifts to the defendant to
establish his actions were reasonable, even if they violated the plaintiff's rights. *Id.* "[T]he
proper fact-specific inquiry . . . is not whether the law is settled, but whether, in light of clearly
established law and the information available to him, a reasonable person in [the defendant's]
position could have objectively believed his actions to be proper." *Floyd v. Laws*, 929 F.2d
1390, 1394 (9th Cir. 1991) (citing *Anderson*, 483 U.S. at 641). "Qualified immunity "protects
'all but the plainly incompetent or those who knowingly violate the law.'" *Rico*, 980 F.3d at
1298 (quoting *D.C. v. Wesby*, 138 S. Ct. 577, 589 (2018)).

### ii.  Application – First *Saucier* Prong

Under the first *Saucier* prong, "the district court first decides whether the facts alleged in
the complaint, assumed to be true, yield the conclusion that the defendant is entitled to
immunity." *Butler v. San Diego Dist. Attorney's Off.*, 370 F.3d 956, 963-64 (9th Cir. 2004).
For the reasons discussed below, the court concludes Plaintiff has sufficiently alleged
constitutional violations under Counts I through IV—fabrication, suppression, and destruction
of evidence; malicious prosecution; failure to intervene; and civil rights conspiracy by
Defendants Anderson, Weeks, Bloomfield, Glenn, Newman, and Verdugo.

Count I asserts a due process claim based on fabrication, suppression, and destruction of
evidence. (*See* FAC ¶¶ 59-70.) "To prevail on a § 1983 claim of deliberate fabrication, a
plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the
deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d
789, 798 (9th Cir. 2017). "To establish the second element of causation, the plaintiff must show

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-02008-FWS-E                     Date: December 27, 2022
Title: Kimberly Long v. Thomas Weeks *et al.*

that (a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would
not have occurred in the absence of the conduct; and (b) the act was the 'proximate cause' or
'legal cause' of the injury, meaning that the injury is of a type that a reasonable person would
see as a likely result of the conduct in question."  *Id.*

The elements of a violation of *Brady v. Maryland*, 373 U.S. 83 (1963) are that: "(1) the
officer suppressed evidence that was favorable to the accused from the prosecutor and the
defense, (2) the suppression harmed the accused, and (3) the officer acted with deliberate
indifference to or reckless disregard for an accused's rights or for the truth in withholding
evidence from prosecutors."  *Mellen v. Winn*, 900 F.3d 1085, 1096 (9th Cir. 2018) (citation and
internal quotation marks omitted).

The elements of a claim for destruction of evidence and/or failure to preserve evidence
are that: (1) the evidence possessed "exculpatory value that was apparent before the evidence
was destroyed, and [is] of such a nature that the defendant would be unable to obtain
comparable evidence by other reasonably available means"; and (2) "the police acted in bad
faith in failing to preserve the potentially useful evidence."  *United States v. Cooper*, 983 F.2d
928, 931 (9th Cir. 1993) (quoting *California v. Trombetta*, 467 U.S. 479, 489 (1984) and
*Arizona v. Youngblood*, 488 U.S. 51, 58 (1988)).

Count II asserts a malicious prosecution claim.  (*See* FAC ¶¶ 71-77.)  "In order to prevail
on a § 1983 claim of malicious prosecution, a plaintiff must show that the defendants
prosecuted [him] with malice and without probable cause, and that they did so for the purpose
of denying [him] equal protection or another specific constitutional right."  *Awabdy v. City of
Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (citation and internal quotation marks omitted).
"To establish a cause of action for malicious prosecution in California, a plaintiff must show
that the prior proceeding, commenced by or at the direction of the malicious prosecution
defendant, was (1) pursued to legal termination favorable to the plaintiff; (2) brought without

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-02008-FWS-E                          Date: December 27, 2022
Title: Kimberly Long v. Thomas Weeks *et al.*

probable cause; and (3) initiated with malice." *McCubbrey v. Veninga*, 39 F.3d 1054, 1055 (9th Cir. 1994) (citation and internal quotation marks omitted).

Count III asserts a claim for failure to intervene. (*See* FAC ¶¶ 78-83.) "[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000). "[H]owever, officers can be held liable for failing to intercede only if they had an opportunity to intercede." *Id.*

Count IV asserts a claim for conspiracy to deprive Plaintiff of her constitutional rights. (*See* FAC ¶¶ 84-91.) A conspiracy claim under Section 1983 requires: "(1) That the defendants have acted under color of state law or authority; (2) that the defendants have deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States" and (3) "the defendants conspired or acted jointly or in concert and that some overt act must have been done in furtherance of the conspiracy." *Sykes v. State of Cal.* (*Dep't of Motor Vehicles*)*, 497 F.2d 197, 200 (9th Cir. 1974).

In this case, Plaintiff alleges each of the Defendant officers were involved in the investigation on which Plaintiff's claims are predicated. Defendant Anderson, the senior detective on the case, was among the first to respond to the crime scene, saw the blood splatter, authored and allegedly suppressed reports about Bugarski and Lovejoy, assertedly suppressed information about Plaintiff's blood-free jacket, purportedly failed to collect evidence from the scene such as fingerprint impressions, and supervised Defendants Bloomfield and Newman. (*See* FAC ¶¶ 15-16, 41-55, 69-73.)

Defendant Weeks, a detective sergeant and the supervisor in charge of the homicide unit at the Corona Police Department, also responded to the crime scene, interviewed Plaintiff the night of the murder, allegedly suppressed reports about Bugarski and Lovejoy, assertedly suppressed information about Plaintiff's blood-free jacket, purportedly manipulated witnesses

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-02008-FWS-E                              Date: December 27, 2022
Title: Kimberly Long v. Thomas Weeks *et al.*

Oscar Castaneda, Jeff Dills, and Linda Alexander, and supervised Defendants Bloomfield and
Newman.  (*See id.* ¶¶ 14, 16, 31, 41-68.)

Defendant Bloomfield, a detective on the case working under the supervision of Weeks
and Anderson, also responded to the crime scene, interviewed Plaintiff the night of the murder,
and allegedly suppressed reports about Bugarski and Lovejoy.  (*See id.* ¶¶ 16-18, 25, 31, 46-50.)
Defendant Glenn, the patrol officer dispatched to the scene, did a canvas of neighborhood
witnesses, saw the blood spatter, and assertedly manipulated a neighborhood witness.  (*See id.*
¶¶ 19, 25-26, 35, 66-68.)  Defendant Newman, a detective on the case working under the
supervision of Defendants Weeks and Anderson, responded to the crime scene, interviewed
Conde's relatives, allegedly suppressed interviews with Lovejoy, purportedly failed to collect
evidence from the scene, and assertedly destroyed physical evidence from the scene.  (*See id.*
¶¶ 16-18, 25, 34, 50, 69-73.)  Defendant Verdugo, the evidence technician who responded to the
crime scene, allegedly failed to collect evidence from the scene and assertedly destroyed
physical evidence collected from the crime scene.  (*See id.* ¶¶ 20, 25, 69-73.)  All Defendants
allegedly worked together to frame Plaintiff for the murder and as a result of Defendants'
actions, Plaintiff was charged, prosecuted, and sentenced for the murder of Conde.  (*See id.*
¶¶ 26-58.)

Under the first *Saucier* prong, the court concludes Plaintiff has sufficiently alleged
Defendants violated specific constitutional rights in the form of fabrication, suppression, and
destruction of evidence; malicious prosecution; failure to intervene; and civil rights conspiracy.
As described above, Plaintiff alleges specific actions by Defendants Anderson, Weeks,
Bloomfield, Glenn, Newman, and Verdugo taken in alleged furtherance of the violations.  As
such, "Plaintiff's allegation of a Fourth Amendment violation is more than a generalized claim
of a due process violation, thus meeting the first prong of the test."  *See Moore v. Gerstein*, 107
F.3d 16 (9th Cir. 1996).

13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-02008-FWS-E                         Date: December 27, 2022
Title: Kimberly Long v. Thomas Weeks *et al.*

### iii.  Application – Second *Saucier* Prong

Under the second *Saucier* prong, the court concludes the rights identified by Plaintiff
were clearly established at the time.  533 U.S. at 201 ("Clearly established" means the
"contours of the right must be sufficiently clear that a reasonable official would understand that
what he is doing violates that right.").  The court reviews the binding case law for each of
Plaintiff's Section 1983 claims below.

As for each of the Section 1983 claims, Section 1983 "creates a private right of action
against individuals who, acting under color of state law, violate federal constitutional or
statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  "Section 1983 is
not itself a source of substantive rights, but merely provides a method for vindicating federal
rights elsewhere." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks
and citation omitted).  "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the
violation of a right secured by the Constitution or laws of the United States, and must show that
the alleged deprivation was committed by a person acting under the color of state law." *West v.
Atkins*, 487 U.S. 42, 48 (1988).

Under Plaintiff's first claim, Plaintiff alleges Defendants withheld, suppressed, and
destroyed exculpatory and impeachment evidence, fabricated and manufactured affirmative
evidence, and failed to collect evidence.  (*See, e.g.*, FAC ¶¶ 94-105.)  Under *Brady*, "the
suppression by the prosecution of evidence favorable to an accused upon request violates due
process where the evidence is material either to guilt or to punishment, irrespective of the good
faith or bad faith of the prosecution."  373 U.S. 83, 87 (1963).  As for fabrication of evidence,
"there is a clearly established constitutional due process right not to be subjected to criminal
charges on the basis of false evidence that was deliberately fabricated by the government."
*Devereaux*, 263 F.3d at 1074-75.  As for failure to preserve evidence, the government does not
have a duty to collect evidence *per se*, but only to preserve it in limited situations.  *See Arizona
v. Youngblood*, 488 U.S. 51, 58 (1988) ("[U]nless a criminal defendant can show bad faith on

14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-02008-FWS-E                           Date: December 27, 2022
Title: Kimberly Long v. Thomas Weeks *et al.*

the part of the police, failure to preserve potentially useful evidence does not constitute a denial
of due process of law."). Based on the law cited, the court concludes the law regarding *Brady*,
deliberate fabrication of evidence, and a failure to preserve evidence was clearly established in
2003 at the time of Defendants' investigation.

Under Plaintiff's second claim for illegal detention and prosecution under the Fourth
Amendment, Plaintiff claims malicious prosecution. (*See, e.g.*, FAC ¶¶ 106-13.)  *See Cline v.
Brusett*, 661 F.2d 108, 112 (9th Cir. 1981) ("The general rule is that malicious prosecution does
not constitute a deprivation of life, liberty or property without due process of law and, therefore,
is not cognizable under 42 U.S.C. § 1983. . . . However, an exception to this rule exists for
malicious prosecutions conducted with the intent of denying a person equal protection or which
otherwise subject a person to a denial of constitutional rights."). A plaintiff "must show that the
defendants prosecuted her with malice and without probable cause, and that they did so for the
purpose of denying her equal protection or another specific constitutional right." *Freeman v.
City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995). Based on the law cited, the court
concludes the law regarding malicious prosecution was clearly established in 2003 at the time
of Defendants' investigation.

Under Plaintiff's third claim, Plaintiff alleges Defendants failed to intervene to prevent
the violation of Plaintiff's constitutional rights during Plaintiff's prosecution and trial. (*See,
e.g.*, FAC ¶¶ 114-19.)  "[P]olice officers have a duty to intercede when their fellow officers
violate the constitutional rights of a suspect or other citizen." *Cunningham*, 229 F.3d at 1289.
"[H]owever, officers can be held liable for failing to intercede only if they had an opportunity to
intercede." *Id.*  Based on the law cited, the court concludes the law regarding failure to
intervene was clearly established in 2003 at the time of Defendants' investigation.

15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-02008-FWS-E                    Date: December 27, 2022
Title: Kimberly Long v. Thomas Weeks *et al.*

Under Plaintiff's fourth claim, Plaintiff alleges a conspiracy in which Defendants agreed
to frame Plaintiff for the crime and deprive Plaintiff of exculpatory material.[4]  (*See, e.g.*, FAC
¶¶ 120-27.)  A conspiracy claim under Section 1983 requires: "(1) That the defendants have
acted under color of state law or authority; (2) that the defendants have deprived the plaintiff of
a right, privilege, or immunity secured by the Constitution and laws of the United States" and
(3) "the defendants conspired or acted jointly or in concert and that some overt act must have
been done in furtherance of the conspiracy."  *Sykes*, 497 F.2d at 200.  Based on the law cited,
the court concludes the law regarding conspiracy to violate civil rights was clearly established
in 2003 at the time of Defendants' investigation.

Accordingly, under the second *Saucier* prong, the court concludes the rights identified by
Plaintiff were clearly established at the time of Defendants' investigation in 2003.

Third, assuming, as the court must do so at the motion to dismiss stage, that Plaintiff's
plausible allegations are true and Defendants violated clearly established law, a reasonable
officer could not have believed the conduct alleged was lawful.  *See, e.g., Moore*, 107 F.3d at
16 ("[T]his reasonableness inquiry is objective; [the officer's] subjective motivation and intent
are irrelevant. . . .  An objectively reasonable official could not consider fabricating statements
in order to detain [plaintiff] to be lawful.").

Accordingly, the court **DENIES** the Individual Defendants' Motions as to their argument
that qualified immunity bars Counts 1 through 4.  *See O'Brien v. Welty*, 818 F.3d 920, 936 (9th
Cir. 2016) (when "defendants assert qualified immunity in a motion to dismiss under Rule
12(b)(6), dismissal is not appropriate unless [the court] can determine, based on the complaint
itself, that qualified immunity applies") (cleaned up).

---

[4] Defendants argue the intra-corporate conspiracy doctrine bars this claim but also concede that
"the Ninth Circuit has not held the intracorporate conspiracy doctrine applies to civil rights
claims."  (Dkt. 72 at 9-10.)  In the absence of binding law holding the doctrine applies to
Section 1983 claims, the court declines to find that the claim is barred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-02008-FWS-E                                          Date: December 27, 2022
Title: Kimberly Long v. Thomas Weeks *et al.*

### b. Plaintiff's *Monell* Claim (Count V)

A government entity may be liable under section 1983 "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such a deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)).  The government entity may be held liable "only for 'their *own* illegal acts,'" not the actions of their employees.  *See id.* (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)); *City of Canton v. Harris*, 489 U.S. 378, 392 ("*Respondeat superior* or vicarious liability will not attach under § 1983").  Thus, to impose liability on a local government, the plaintiff must establish that "'action pursuant to official municipal policy' caused their injury." *Connick*, 563 U.S. at 60 (quoting *Monell*, 463 U.S. at 691).  An official municipal policy consists of "actions for which the municipality is actually responsible," including "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law."  *Id.* (quoting *Pembaur*, 475 U.S. at 479-80).

A plaintiff may prove a local government's liability under section 1983 under three distinct theories: (1) the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicted the injury"; (2) the local government "fail[ed] to train employees in a manner that amounts to 'deliberate indifference' to a constitutional right, such that 'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can be reasonably said to have been deliberately indifferent to the need'"; or (3) "the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 802 (9th Cir. 2018) (internal quotation marks and citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-02008-FWS-E                                    Date: December 27, 2022
Title: Kimberly Long v. Thomas Weeks *et al.*

In this case, Plaintiff alleges Defendant City of Corona is liable under all three theories based on, for example, a lack of adequate rules or policies on interrogations, evidence handling, writing police reports, obtaining statements and testimony, and maintaining and disclosing investigative files. (*See, e.g.*, FAC ¶¶ 128-42.) Plaintiff's supporting factual allegations are two cited instances of a Corona Police Department officer experiencing retaliation for reporting a fellow officer's association with a gang. (*Id.* ¶ 138.) The court finds that these factual allegations insufficient to support a *Monell* claim because they concern what appear to be unrelated incidents of retaliation. *See, e.g., Gonzalez v. Cnty. of Los Angeles*, 2021 WL 6618559, at *3 (C.D. Cal. June 8, 2021) (citation omitted) (a plaintiff "cannot rely solely on allegations that officers violated one constitutional right . . . to show that the city was on notice that officers were violating a separate and distinct constitutional right"). Apart from these retaliation-related incidents, the FAC does not provide sufficient factual allegations supporting any of the three theories of *Monell* liability. *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (a *Monell* claim "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief").

Accordingly, the court **GRANTS** the Motions as to Count V (Policy and Practice).

### c.  Plaintiff's State Law Claims (Counts VII, VIII, and X)

Defendants challenge Plaintiff's state law claims for Counts VII (intentional infliction of emotional distress), VIII (civil conspiracy), and X (Bane Act) on the grounds that they were untimely presented under Cal. Gov. Code § 911.2(a) and are barred by Cal. Gov. Code § 821.6. (Dkt. 69 at 21-23, Dkt. 72 at 14-21.) The court observes that both claims were previously raised and rejected in the last round of motions filings. (*See* Dkt. 57 at 4-9.) Indeed, the court explicitly found that "Plaintiff's state law claims are timely, except to the extent they pertain to her arrest." (*Id.* at 8 (citing cases applying the delayed-accrual rule of *Heck v. Humphrey*, 512 U.S. 477, 485 (1994) to state law claims that imply the invalidity of a criminal conviction).)

18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-02008-FWS-E                    Date: December 27, 2022
Title: Kimberly Long v. Thomas Weeks *et al.*

The court also explicitly held that Section 821.6 is confined to actions for malicious
prosecution.  (Dkt. 57 at 9) (citing *Garmon v. Cty. of L.A.*, 828 F.3d 837, 847 (9th Cir. 2016).)
Accordingly, the court concludes the claims are not untimely under Cal. Gov. Code § 911.2(a)
or barred by Cal. Gov. Code § 821.6 and **DENIES** the Motion as to Counts VII, VIII, and X on
these grounds.

Defendant City of Corona argues Counts VII, VII, and X cannot be asserted against the
City per *Recchia v. City of Los Angeles Dep't of Animal Servs*., which states that "[u]nder
California law, public entities are liable for violation of state law only as provided by statute."
889 F.3d 553, 563 (9th Cir. 2018).  (Dkt. 69 at 3-4.)  The court observes that per Cal. Gov.
Code § 815.2, a public entity may be held vicariously liable for the negligence of administrators
or supervisors in hiring, retaining, and supervising an employee who commits a tort, and the
Bane Act is codified at Cal. Civil Code § 52.1.  These are California statutes, and Defendants
do not adequately demonstrate why *Recchia* or any other cited authority bar these claims.
Without sufficient explanation of why Counts VII, VII, and X are not permitted under Cal. Gov.
Code § 815.2 and Cal. Civil Code § 52.1, the court is unable to adequately discern the basis for
Defendants' arguments.  *See, e.g., Est. of Mendez v. City of Ceres*, 390 F. Supp. 3d 1189, 1214
(E.D. Cal. 2019) (holding that "the valence of authority supports the proposition that agency
liability applies to Bane Act claims").  Accordingly, the court **DENIES** the Motion as to Counts
VII, VIII, and X based on these grounds.

Defendants further argue these claims fail because they are inadequately pled.  (Dkts. 72-
1 at 25, 71-1 at 16-21, 70-1 at 13-16.)  The court addresses each of these claims in turn.

### i.  Count VII – Intentional Infliction of Emotional Distress[5]

---

[5] The parties cite to California law for Plaintiff's state law claims (Counts VII, VIII, and X)
(*see, e.g*., Dkts. 83 at 19-21, 72-1 at 24-25) and the court analyzes these claims accordingly.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-02008-FWS-E                          Date: December 27, 2022
Title: Kimberly Long v. Thomas Weeks *et al.*

In order to recover on an intentional infliction of emotional distress ("IIED") claim under California law, a plaintiff must prove the following elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991) (citation omitted). Intentional infliction of emotional distress requires conduct "which is *especially calculated to cause* and does cause the claimant mental distress of a very serious nature." *Coon v. Joseph,* 192 Cal. App. 3d 1269, 1273 (1987) (citation omitted) (emphasis in original).

In this case, Plaintiff alleges Defendants' actions such as fabricating evidence were extreme and outrageous conduct, were intended to or were in reckless disregard of the probability of causing Plaintiff emotional distress, and caused Plaintiff to suffer emotional distress because of her wrongful conviction. (*See, e.g.*, FAC ¶¶ 22-93, 150-53.) Defendants do not sufficiently explain why Plaintiff cannot meet these elements, (*see generally* Mots.), and the court concludes Plaintiff's plausible allegations sufficiently satisfy the elements of an IIED claim. *See, e.g.*, *Dinius v. Perdock*, 2012 WL 1925666, at *9 (N.D. Cal. May 24, 2012) (denying motion to dismiss claim because allegations of conspiracy, corruption, and fabrication of false evidence "point[ed] to at least a reckless disregard on the part of the County Defendants to cause [plaintiff] to suffer emotional distress"). Accordingly, the court **DENIES** the Motions as to Count VII.

### ii.  Count VIII – Civil Conspiracy

Under California law, "[t]here is no separate tort of civil conspiracy and no action for conspiracy to commit a tort unless the underlying tort is committed and damage results therefrom." *Julian v. Mission Cmty. Hosp*., 11 Cal. App. 5th 360, 390 (2017) (citation omitted). *See also Sprewell*, 266 F.3d at 992 (holding that "to sustain a claim of civil conspiracy, [plaintiff] must prove that the [defendants] have committed an underlying tort"). To support a

20

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-02008-FWS-E                          Date: December 27, 2022
Title: Kimberly Long v. Thomas Weeks *et al.*

civil conspiracy claim, a plaintiff must allege: "(1) the formation and operation of the
conspiracy; (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising
from the wrongful conduct." *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1581
(1995). "[T]he conspiring defendants must have actual knowledge that a tort is planned and
concur in the scheme with knowledge of its unlawful purpose." *Navarrete v. Meyer*, 237 Cal.
App. 4th 1276, 1292 (2015).

Defendants argue the civil conspiracy claim must fail if the IIED and Bane Act claims
fail and do not sufficiently or independently address whether the conspiracy claim can survive if
the IIED and Bane Act claims survive or whether the individual elements are met. (Dkt. 72-1 at
25, 71-1 at 21, 70-1 at 16.) The court declines to address arguments that are not asserted by a
party. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our
adversarial system relies on the advocates to inform the discussion and raise the issues to the
court."). Regardless, as described in Sections V(c)(i) and V(c)(ii), the court concludes the
relevant underlying torts—the IIED and Bane Act claims—are plausibly alleged. Based on the
record, as applied to the applicable law, the court further concludes the conspiracy claim has
been plausibly alleged. Accordingly, the court **DENIES** the Motions as to Count VIII.

### iii.  Count X – Bane Act

The Bane Act creates a cause of action against any person who "interferes by threats,
intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion," with the
constitutional rights of an individual. Cal. Civ. Code § 52.1(b). A Bane Act claim has
traditionally had two elements: "(1) intentional interference or attempted interference with a
state or federal constitutional or legal right, and (2) the interference or attempted interference
was by threats, intimidation or coercion." *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67
(2015). However, in *Reese v. Sacramento*, the Ninth Circuit held that the second element of
threats, intimidation, or coercion need not "be transactionally independent from the
constitutional violation alleged" and that the Bane Act also requires a defendant's "specific

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-02008-FWS-E                    Date: December 27, 2022
Title: Kimberly Long v. Thomas Weeks *et al.*

intent" to violate a plaintiff's rights.  888 F.3d 1030, 1043 (9th Cir. 2018).  District courts
applying *Reese* have assessed the sufficiency of a Bane Act claim with respect to two necessary
elements: (1) a violation of law; and (2) a specific intent to violate those rights.  *See, e.g., Smith
v. Cnty. of Santa Cruz*, 2019 WL 2515841, at *13-14 (N.D. Cal. June 17, 2019); *Villanueva v.
California*, 2019 WL 1581392, at *15 (C.D. Cal. Jan. 31, 2019), *aff'd in part, dismissed in part
on other grounds*, 986 F.3d 1158 (9th Cir. 2021).

        In this case, although Defendants argue Plaintiff's claim suffers the same defect as in the
prior round of motions practice (Dkt. 72 at 22-24; *see also* Dkt. 57 at 11-12), the court evaluates
the claim under *Reese*.  In this case, Plaintiff alleges she suffered constitutional violations, and
that Defendants intended to frame her for murder, as set forth above in the context of
Defendants' claims to qualified immunity.  (*See, e.g.*, FAC ¶¶ 40-76, 94-127.)  Accordingly, the
court concludes that Plaintiff has sufficiently alleged Defendants' intent and a violation of law
necessary to sustain a Bane Act claim.  Accordingly, the court **DENIES** the Motions as to
Count X.

**VI.    Disposition**

        For the reasons set forth above, the court **GRANTS IN PART AND DENIES IN PART**
the Motions, **DISMISSES WITH PREJUDICE** Count VI (malicious prosecution), Count IX
(respondeat superior), and Count XI (indemnification), and **DISMISSES WITHOUT
PREJUDICE** Count V (*Monell*) of the First Amended Complaint.  Plaintiff shall file any
Second Amended Complaint within **thirty (30)** days of the date of notice of this Order.


                                        Initials of Deputy Clerk:  mku