**Steven Art**, IL Bar: 6302319*
**Elizabeth Wang**, CO Bar: 45976, IL Bar 6287634*
**Lauren Carbajal** (SBN 336485)
steve@loevy.com
elizabethw@loevy.com
carbajal@loevy.com
Loevy & Loevy
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
Phone: (312) 243-5900
Fax: (312) 243-5902

**Michael D. Seplow** (SBN 150183)
mseplow@sshhzlaw.com
Schonbrun Seplow Harris Hoffman & Zeldes LLP
9415 Culver Boulevard, #115
Culver City, CA 90232
Phone: (310) 396-0731
Counsel for Plaintiff
*Pro hac vice admission

**Jan Stiglitz (SBN 103815)**
js@cwsl.edu
Law Office of Jan Stiglitz
14462 Garden Tr.
San Diego, CA 92127
Phone: (619) 807-5890

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Kimberly Long,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Thomas Weeks, et al.<br><br>　　　　　　Defendants. | Case No. 5:21-cv-02008-FWS-E<br><br>**PLAINTIFF'S NOTICE OF CORRECTIONS TO SUPPLEMENTAL BRIEF ON QUALIFIED IMMUNITY**<br><br>Date:　　　　July 11, 2024<br>Time:　　　　10:00 a.m.<br>Courtroom:　10D<br>Judge:　　　Hon. Fred W. Slaughter |

Plaintiff, Kimberly Long, through her attorneys, respectfully submits this Notice of Corrections to her Supplemental Brief on Qualified Immunity [Dkt. 144], as follows:

1. The summary of Plaintiff's theories and the Defendants named on the theories at pages 3-5 of her brief [Dkt. 144] is correct.

2. However, in preparing for argument and the hearing tomorrow, Plaintiff noticed six errors that follow in the discussion that require correction:

    a. On page 9, in the discussion of Weeks theories 1(f-g), the first sentence should read: "Weeks, Anderson, and Bloomfield suppressed Bugarski's initial account of his alibi, and Anderson, Bloomfield, and Newman suppressed Lovejoy's initial account of her alibi." Relatedly, on page 9, in the discussion of Weeks theories 1(f-g), the fourth sentence should read: "Anderson, Bloomfield, and Newman also suppressed the contents of conversations they had with Lovejoy prior to her polygraph exam during which she gave her alibi."

    b. On page 12, in the discussion of Anderson theories 1(f-g), the first sentence should read, "Anderson committed the same misconduct that Weeks did with respect to suppressing Bugarski's initial statements to the police, and along with Bloomfield and Newman, suppressed Lovejoy's initial account of her alibi, as described above."

    c. On page 13, in the discussion of Verdugo theories 3(a-b), the first sentence should read, "Verdugo committed the same misconduct that Anderson did with respect to the bad faith destruction of the cup and champagne bottle, and failure to collect fingerprint and DNA evidence."

  d. On page 13, in the discussion of Bloomfield theories 1(f-g), the first sentence should read "Bloomfield committed the same misconduct that Weeks did with respect to suppressing Bugarski's initial statements to the police and along with Anderson and Newman, suppressed Lovejoy's initial account of her alibi, as described above."

  e. On page 14, in the discussion of Newman theories 3(a-b), the first sentence should read, "Newman committed the same misconduct that Anderson did with respect to the bad faith destruction of the cup and champagne bottle, and failure to collect fingerprint and DNA evidence, though he did not suppress the report."

  f. Finally, there is a theory that was inadvertently left out on page 14, in the discussion of the Newman theories, even though it was mentioned in the summary on page 4 (theory 1(g)). Newman, along with Anderson and Bloomfield, committed the same misconduct that those Defendants did in suppressing Lovejoy's initial account of her alibi. Anderson, Bloomfield, and Newman suppressed Lovejoy's initial account of her alibi from prior to her polygraph exam, which showed that Lovejoy's alibi was not plausible and that she had the opportunity to commit the murder. 1AC ¶ 50. Long's arguments are set out in her response and brief. Dkt. 85 at 2, 6-7; Dkt. 144-1 at 12. The same cases cited above establish this misconduct as illegal.

        Respectfully submitted,
        **KIMBERLY LONG**

      By: /s/ Steven Art_____
        *One of Plaintiff's attorneys*

**Steven Art**, IL Bar: 6302319*
**Elizabeth Wang**, CO Bar: 45976*, IL Bar 6287634
**Lauren Carbajal** (SBN 336485)
steve@loevy.com
LOEVY & LOEVY
311 N. Aberdeen Street, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
(312) 243-5902 (Fax)
*admitted pro hac vice

## CERTIFICATE OF SERVICE

I, Steven Art, an attorney, certify that on July 10, 2024, I caused the foregoing notice to be filed via the Court's electronic filing system, which effected service on all counsel of record.

/s/ Steven Art