UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.: 5:21-cv-02008-FWS-E                                           Date: July 18, 2024
Title: Kimberly Long v. Thomas Weeks, *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                    Attorneys Present for Defendants:

　　Not Present                                                         Not Present

**PROCEEDINGS: ORDER STAYING CASE PENDING APPEAL AND VACATING AUGUST 1, 2024, HEARING**

　　Plaintiff Kimberly Long ("Plaintiff") brings this case against Defendants City of Corona, Thomas Weeks, Ronald Anderson, Daniel Bloomfield, Robert Newman, and Daniel Verdugo (collectively, "Defendants"), asserting claims related to Plaintiff's wrongful conviction for the 2003 murder of Oswaldo Conde.  (*See generally* Dkt. 61 (First Amended Complaint, "FAC").)  Before the court are three motions: (1) Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 112, "Motion to Dismiss"), (2) Plaintiff's Motion for Leave to Amend (Dkt. 134, "Motion for Leave to Amend"), and (3) Plaintiff's Motion to Lift Stay (Dkt. 136, "Motion to Lift Stay").

　　On July 17, 2024, the court issued the Order Regarding Qualified Immunity on Remand, in which the court determined that "on Plaintiff's remaining Section 1983 claims as alleged in the FAC for due process violations and malicious prosecution, the Officer Defendants are not entitled to qualified immunity, and on Plaintiff's remaining Section 1983 claim as alleged in the FAC for failure to intervene, the Officer Defendants are entitled to qualified immunity."  (Dkt. 158 at 2.)  That same day, Defendants filed a Notice of Appeal.  (Dkt. 159.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No.: 5:21-cv-02008-FWS-E                                   Date: July 18, 2024
Title: Kimberly Long v. Thomas Weeks, *et al.*

    Defendants' filing of the Notice of Appeal divests the court of jurisdiction to take any action over the aspects of this case involved in the appeal. *See Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) ("In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"); *National Association of Home Builders v. Norton*, 325 F.3d 1165, 1167 (9th Cir. 2003) ("As a general rule, once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed.") (cleaned up). And the court finds that the result of Defendants' appeal has clear implications for the appropriate disposition of the Motion to Dismiss, the Motion for Leave to Amend, and the Motion to Lift Stay. Accordingly, the court **VACATES** the August 1, 2024, hearing on the Motion to Dismiss, the Motion for Leave to Amend, and the Motion to Lift Stay and **STAYS** this case pending resolution of the Ninth Circuit appeal.

                                                            Initials of Deputy Clerk:  mku