| | |
|---|---|
| JOHN D. HIGGINBOTHAM, Bar No. 204179<br>NEIL D. OKAZAKI, Bar No. 201367<br>JEREMIAH D. JOHNSON, Bar No. 293200<br>DEAN DERLETH, City Attorney<br>CITY ATTORNEY'S OFFICE<br>CITY OF CORONA<br>400 S. Vicentia Ave., 3rd Floor<br>Corona, California 92882<br>Tel.: (951) 279-3506<br>john.higginbotham@coronaca.gov<br>neil.okazaki@coronaca.gov<br>jeremiah.johnson@coronaca.gov | JAMES G. SOTOS*<br>LAURA M. RANUM*<br>KYLE T. CHRISTIE*<br>THE SOTOS LAW FIRM P.C.<br>141 W. Jackson Blvd., 1240A<br>Chicago, IL  60604<br>Tel.: (630) 735-3300<br>jsotos@jsotoslaw.com<br>lranum@jsotoslaw.com<br>kchristie@jsotoslaw.com<br><br>*admitted pro hac vice |

MITCHELL D. DEAN, Bar No. 128926
LEE H. ROISTACHER, Bar No. 179619
DEAN GAZZO ROISTACHER LLP
440 Stevens Avenue, Suite 100`
Solana Beach, CA  92075
Tel.: (858) 380-4683
mdean@deangazzo.com
lroistacher@deangazzo.com

Attorneys for Defendants
City of Corona, Thomas Weeks,
Ronald Anderson, Daniel Bloomfield,
Robert Newman, and Daniel Verdugo

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY LONG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS WEEKS, *et al.*,<br><br>　　　　Defendants. | Case No.: 5:21-cv-02008-FWS-E<br><br>ANSWER OF DEFENDANTS CITY OF CORONA, THOMAS WEEKS, RONALD ANDERSON, DANIEL BLOOMFIELD, ROBERT NEWMAN AND DANIEL VERDUGO TO SECOND AMENDED COMPLAINT |

Defendants City of Corona, Thomas Weeks, Ronald Anderson, Daniel Bloomfield, Robert Newman, and Daniel Verdugo (collectively "Defendants"), answer Plaintiff Kimberly Long's Second Amended Complaint (Docket No. 108) (the "Complaint"), as follows:

## JURISDICTION AND VENUE[1]

Answering paragraph 1, Defendants admit that the Complaint purports to be brought pursuant to 42 U.S.C. § 1983 and various California state law theories. In all other respects, Defendants deny the allegations.

Answering paragraph 2, Defendants admit that the Court has subject matter jurisdiction.

Answering paragraph 3, Defendants admit that venue is proper in the Central District of California.

## INTRODUCTION

Answering paragraph 4, Defendants deny the allegations.

Answering paragraph 5, Defendants deny the allegations.

Answering paragraph 6, Defendants deny the allegations.

Answering paragraph 7, Defendants deny the allegations.

Answering paragraph 8, Defendants deny the allegations.

Answering paragraph 9, Defendants deny the allegations.

Answering paragraph 10, Defendants deny the allegations.

## PARTIES

Answering paragraph 11, Defendants deny the allegations.

Answering paragraph 12, Defendants admit that Defendants Weeks, Anderson, Newman, Bloomfield and former defendant Glenn ("Glenn") were

---

[1] Defendants utilize the section headings in the Complaint solely for convenience and ease of reference. To the extent any of the section headings are deemed to be substantive allegations, Defendants deny the allegations.

police officers and that Defendant Verdugo was a non-sworn ID Tech, with the Corona Police Department at the time of the Conde homicide investigation. In all other respects, Defendants deny the allegations.

Answering paragraph 13, Defendants admit that Defendant Weeks was a sergeant assigned to the detective bureau at the time of the Conde homicide investigation. In all other respects, Defendants deny the allegations.

Answering paragraph 14, Defendants admit that Defendant Weeks responded to the scene of the homicide the night of the homicide, and that he participated in the investigation as summarized in the police reports. In all other respects, Defendants deny the allegations.

Answering paragraph 15, Defendants admit that Defendant Anderson was a senior detective, that he responded to the scene of the homicide the night of the homicide, and that he participated in the investigation as summarized in the police reports. In all other respects, Defendants deny the allegations.

Answering paragraph 16, Defendants admit that Defendants Bloomfield and Newman were detectives, that they responded to the scene of the homicide the night of the homicide, and that they participated in the investigation as summarized in their police reports. In all other respects, Defendants deny the allegations.

Answering paragraph 17, Defendants admit that Defendant Bloomfield participated in the investigation as summarized in the police reports. In all other respects, Defendants deny the allegations.

Answering paragraph 18, Defendants admit that Defendant Newman participated in the investigation as summarized in the police reports. In all other respects, Defendants deny the allegations.

Answering paragraph 19, Defendants admit that Glenn responded and participated as summarized in his police report. In all other respects, Defendants deny the allegations.

Answering paragraph 20, Defendants admit that Defendant Verdugo participated in the investigation as summarized in his police report. In all other respects, Defendants deny the allegations.

Answering paragraph 21, Defendants admit that the City of Corona is a municipality in Riverside County and that it employed the other Defendants as of October 2003. The provisions of California law regarding vicarious liability and indemnity speak for themselves and do not require a response. The allegations regarding theories of *Monell* liability are moot in light of the dismissal of Plaintiff's *Monell* claims and do not require a response. (ECF 179.) In all other respects, Defendants deny the allegations.

## FACTS

### Oswaldo Conde's Murder

Answering paragraph 22, Defendants admit the allegations.

Answering paragraph 23, Defendants deny the allegations.

Answering paragraph 24, Defendants deny the allegations.

Answering paragraph 25, Defendants admits the allegations.

Answering paragraph 26, Defendants deny the allegations.

Answering paragraph 27, Defendants admit that no one besides Long and Conde were present at the house when officers first arrived. In all other respects, Defendants deny the allegations.

Answering paragraph 28, Defendants deny the allegations.

Answering paragraph 29, Defendants admit that Long was brought to the police station and gave an interview. In all other respects, Defendants deny the allegations.

Answering paragraph 30, Defendants deny the allegations.

Answering paragraph 31, Defendants admit the allegations.

Answering paragraph 32, Defendants admit that Long consented to a search of the house and surrendered the clothing she had on at the police station to police

1 | personnel.

2 | Answering paragraph 33, Defendants admit that Long suggested Lovejoy was a potential suspect. In all other respects, Defendants deny the allegations.

Answering paragraph 34, Defendants admit that Newman conducted witness interviews as reflected in his police report. In all other respects, Defendants deny the allegations.

Answering paragraph 35, Defendants admit that Glenn canvassed the neighborhood for witnesses as reflected in his police report. In all other respects, Defendants deny the allegations.

Answering paragraph 36, Defendants admit that the Conde relatives made the statements reflected in the police reports. In all other respects, Defendants deny the allegations.

Answering paragraph 37, Defendants admit that Long suggested Bugarski was a potential suspect. In all other respects, Defendants deny the allegations.

Answering paragraph 38, Defendants deny the allegations.

Answering paragraph 39, Defendants deny the allegations.

**Defendants Frame Long for Conde's Murder[2]**

Answering paragraph 40, Defendants deny the allegations.

Answering paragraph 41, Defendants deny the allegations.

Answering paragraph 42, Defendants deny the allegations.

Answering paragraph 43, Defendants deny the allegations.

Answering paragraph 44, Defendants deny the allegations.

Answering paragraph 45, Defendants deny the allegations.

Answering paragraph 46, Defendants deny the allegations.

Answering paragraph 47, Defendants deny the allegations.

Answering paragraph 48, Defendants deny the allegations.

---

[2] Defendants deny that they framed Long for Conde's Murder.

1 | Answering paragraph 49, Defendants deny the allegations.
2 | Answering paragraph 50, Defendants deny the allegations.
3 | Answering paragraph 51, Defendants deny the allegations.
4 | Answering paragraph 52, Defendants deny the allegations.
5 | Answering paragraph 53, Defendants deny the allegations.
6 | Answering paragraph 54, Defendants deny the allegations.
7 | Answering paragraph 55, Defendants deny the allegations.
8 | Answering paragraph 56, Defendants deny the allegations.
9 | Answering paragraph 57, Defendants deny the allegations.
10 | Answering paragraph 58, Defendants deny the allegations.
11 | Answering paragraph 59, Defendants deny the allegations.
12 | Answering paragraph 60, Defendants deny the allegations.
13 | Answering paragraph 61, Defendants deny the allegations.
14 | Answering paragraph 62, Defendants deny the allegations.
15 | Answering paragraph 63, Defendants deny the allegations.
16 | Answering paragraph 64, Defendants deny the allegations.
17 | Answering paragraph 65, Defendants deny the allegations.
18 | Answering paragraph 66, Defendants deny the allegations.
19 | Answering paragraph 67, Defendants deny the allegations.
20 | Answering paragraph 68, Defendants deny the allegations.
21 | Answering paragraph 69, Defendants deny the allegations.
22 | Answering paragraph 70, Defendants deny the allegations.
23 | Answering paragraph 71, Defendants deny the allegations.
24 | Answering paragraph 72, Defendants deny the allegations.
25 | Answering paragraph 73, Defendants deny the allegations.
26 | Answering paragraph 74, Defendants deny the allegations.
27 | Answering paragraph 75, Defendants deny the allegations.
28 | Answering paragraph 76, Defendants deny the allegations.

Answering paragraph 77, Defendants deny the allegations.

**Long's Prosecution and Wrongful Conviction[3]**

Answering paragraph 78, Defendants admit that an arrest warrant was issued and deny that it was based on any misconduct.

Answering paragraph 79, Defendants deny the allegations.

Answering paragraph 80, Defendants deny the allegations.

Answering paragraph 81, Defendants admit that the first trial ended in a mistrial. In all other respects, Defendants deny the allegations.

Answering paragraph 82, Defendants admit the allegations.

Answering paragraph 83, Defendants admit that the Reporters Transcript speaks for itself as to what was or was not said.

Answering paragraph 84, Defendants admit the allegations.

Answering paragraph 85, Defendants deny the allegations.

Answering paragraph 86, Defendants deny the allegations.

Answering paragraph 87, Defendants deny the allegations.

Answering paragraph 88, Defendants deny the allegations.

Answering paragraph 89, Defendants admit that Long has two children. In all other respects, Defendants deny the allegations.

Answering paragraph 90, Defendants deny the allegations.

Answering paragraph 91, Defendants deny the allegations.

Answering paragraph 92, Defendants deny the allegations.

Answering paragraph 93, Defendants deny the allegations.

**Long's Exoneration[4]**

Answering paragraph 94, Defendants deny the allegations.

Answering paragraph 95, the court's ruling speaks for itself and does not

---

[3] Defendants deny that Long was wrongfully convicted.
[4] Defendants deny that Long was exonerated.

require a response.

Answering paragraph 96, Defendants admit that the charges were dismissed without prejudice.

## Defendant City of Corona's Unconstitutional Policies, Practices, and Customs[5]

The allegations in paragraphs 97 – 115 are moot in light of the dismissal of Long's *Monell* claims and do not require a response. (ECF 179.)

## COUNT I – 42 U.S.C. § 1983
## Due Process
## (Fourteenth Amendment)

Answering paragraph 116, Defendants incorporate each paragraph of this Answer as if fully restated herein.

Answering paragraph 117, Defendants deny the allegations.

Answering paragraph 118, Defendants deny the allegations.

Answering paragraph 119, Defendants deny the allegations.

Answering paragraph 120, Defendants deny the allegations.

Answering paragraph 121, Defendants deny the allegations.

Answering paragraph 122, Defendants deny the allegations.

Answering paragraph 123, Defendants deny the allegations.

Answering paragraph 124, Defendants deny the allegations.

Answering paragraph 125, Defendants deny the allegations.

Answering paragraph 126, Defendants deny the allegations.

Answering paragraph 127, Defendants deny the allegations.

---

[5] Defendants deny that the City of Corona had any unconstitutional policies, practices, and/or customs. Such allegations are moot in light of the dismissal of Long's *Monell* claims. (ECF 179.)

## COUNT II – 42 U.S.C. § 1983
## Illegal detention and Prosecution
## (Fourth Amendment)

Answering paragraph 128, Defendants incorporate each paragraph of this Answer as if fully restated herein.

Answering paragraph 129, Defendants deny the allegations.

Answering paragraph 130, Defendants deny the allegations.

Answering paragraph 131, Defendants deny the allegations.

Answering paragraph 132, Defendants deny the allegations.

Answering paragraph 133, Defendants deny the allegations.

Answering paragraph 134, Defendants deny the allegations.

Answering paragraph 135, this allegation is moot in light of the dismissal of Long's *Monell* claims and does not require a response. (ECF 179.)

## COUNT III – 42 U.S.C. § 1983
## Failure to Intervene

The allegations in paragraphs 136 – 141 are moot in light of the dismissal of Long's Failure to Intervene claims and do not require a response. (ECF 179.)

## COUNT IV – 42 U.S.C. § 1983
## Conspiracy to Deprive Constitutional Rights

The allegations in paragraphs 142 – 149 are moot in light of the dismissal of Long's Conspiracy claims and do not require a response. (ECF 48-1.)

## COUNT V – 42 U.S.C. § 1983
## Policy and Practice Claim Against the City of Corona

The allegations in paragraphs 150 – 164 are moot in light of the dismissal of Long's *Monell* claims and do not require a response. (ECF 179.)

## COUNT VI – State Law Claim

## Malicious Prosecution

The allegations in paragraphs 165 – 171 are moot in light of the dismissal of Long's state law Malicious Prosecution claims and do not require a response. (ECF 179.)

## COUNT VII – State Law Claim

## Malicious Prosecution

Answering paragraph 172, Defendants incorporate each paragraph of this Answer as if fully restated herein.

Answering paragraph 173, Defendants deny the allegations.

Answering paragraph 174, Defendants deny the allegations.

Answering paragraph 175, Defendants deny the allegations.

## COUNT VIII – State Law Claim

## Civil Conspiracy

Answering paragraph 176, Defendants incorporate each paragraph of this Answer as if fully restated herein.

Answering paragraph 177, Defendants deny the allegations.

Answering paragraph 178, Defendants deny the allegations.

Answering paragraph 179, Defendants deny the allegations.

Answering paragraph 180, Defendants deny the allegations.

Answering paragraph 181, Defendants deny the allegations.

## COUNT IX – State Law Claim

## Respondeat Superior

## (Cal. Gov. Code § 815.2)

The allegations in paragraphs 182 – 185 are moot in light of the dismissal of Long's state law Respondeat Superior claims and do not require a response. (ECF 179.)

## COUNT X – State Law Claim

## Cal. Civ. Code § 52.1

Answering paragraph 186, Defendants incorporate each paragraph of this Answer as if fully restated herein.

Answering paragraph 187, Defendants deny the allegations.

Answering paragraph 188, Defendants deny the allegations.

Answering paragraph 189, Defendants deny the allegations.

Answering paragraph 190, Defendants deny the allegations.

## COUNT XI – State Law Claim

## Indemnification

## (Cal. Gov. Code § 825)

The allegations in paragraphs 191 – 194 are moot in light of the dismissal of Long's state law Indemnification claims and do not require a response. (ECF 179.)

Answering the unnumbered prayer for relief, Defendants deny that Long has suffered any damages and denies that Long is entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

1. Defendants deny each and every allegation contained in Plaintiff's Complaint which is not specifically admitted herein.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff assumed or incurred the risk of her own conduct.

4. Defendants were government employees, namely police officers or a police ID technician, who performed discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer or ID technician objectively viewing the facts and circumstances that confronted Defendants, could have believed his actions to be lawful, in light of clearly established law and the information that Defendants possessed. Defendants are

therefore entitled to qualified immunity.

5. Defendants are immune from civil liability for their testimony given in judicial proceedings in Plaintiff's underlying criminal case.

6. Plaintiff's claims alleged in her Complaint are barred in whole or in part by the applicable statute of limitations and/or claim presentation deadlines.

7. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

8. As to Plaintiff's state law claims, Plaintiff's claims are barred in whole or in part for failure to comply with the claim presentation requirements of the Government Claims Act.

9. Defendants are immune from liability pursuant to the provisions of the California Government Claims Act and under California common law under any state law theory.

10. Plaintiff's state law tort claims against Defendants are barred in whole or in part by Plaintiff's contributory negligence / comparative fault.

11. Plaintiff's claims are barred in whole or in part because Plaintiff was afforded due process during her criminal proceedings.

12. Plaintiff's claims are barred in whole or in part because Defendants did not owe Plaintiff any duty to act or to refrain from acting as alleged.

13. Plaintiff's claims are barred in whole or in part by the equitable doctrine of unclean hands.

14. Plaintiff's claims are barred in whole or in part by the doctrine of issue preclusion.

15. Plaintiff's claims are barred in whole or in part by the doctrine of judicial estoppel.

16. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

17. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

18. Plaintiff has a duty to mitigate her damages, and any damages awarded to Plaintiff must be reduced by any amount by which the damages could have been lessened by Plaintiff's failure to take reasonable action to minimize those damages.

19. Defendants are entitled to a set-off for any compensation, payments, and/or other types of contribution that Plaintiff may have received or may in the future receive from any other sources for her alleged injuries, damages, and expenses.

20. Defendants are continuing their investigation and study of all facts and circumstances of the subject matter of the complaint, and accordingly, reserves the right to amend, modify, revise, or supplement their answer, and to plead such further defenses and take such other actions as they may deem proper and necessary in their defense upon the completion of such investigation and study.

21. The City is immune from the imposition of punitive damages under both federal and state law.

22. The City is not liable for conduct committed by employees who are found to be not acting within the scope of their employment.

23. A municipality is not liable under a theory of *respondeat superior* for the constitutional violations of its employees.

24. The City is not liable to Plaintiff if its employees or agents are not liable to Plaintiff.

WHEREFORE, Defendants, having fully answered Plaintiff's Complaint, pray that judgment be entered in their favor and against Plaintiff, or alternatively, that Plaintiff's claims be dismissed with prejudice, and that Defendants be permitted to recover their costs incurred herein, including reasonable attorney's fees, incurred in defense of this action and for all other just and proper relief.

**DEMAND FOR JURY TRIAL**

Defendants demand a trial by jury pursuant to Fed. R. Civ. P. 38(b).

Dated: December 11, 2025       CITY ATTORNEY'S OFFICE

By: */s/ John Higginbotham*
John Higginbotham
Attorneys for Defendants
City of Corona, *et al*.